### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY A.  BOYD, | : | CIVIL NO. 3:CV-04-1761 |
| Plaintiff | : | |
| v. | : | (Judge Munley) |
| | : | |
| M.V. PUGH, ET AL., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM AND ORDER

Plaintiff, Terry A. Boyd ("Boyd"), an inmate incarcerated at the United States Penitentiary at Allenwood, White Deer, Pennsylvania, filed this action on August 9, 2004, alleging *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) civil rights claims in the form of denial of medical treatment, placement of erroneous information in his medical records, and erroneous responses to his administrative remedy requests. Also included is a denial of medical treatment under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, *et seq*. Presently pending is Defendants' motion to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to FED.R.CIV.P. 12(b)(6), and for summary judgment pursuant to FED.R.CIV.P 56.  (Doc. 17).  The motion is presently ripe for disposition. For the reasons set forth below, the motion to dismiss will be granted in part and denied in part, and the summary judgment motion will be granted.

I. Motion to Dismiss.

A.  Standard of Review.

When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer*

*v. Rhodes*, 416 U.S. 232, 236 (1974). The court assumes the truth of plaintiff's allegations, and draws all favorable inferences therefrom. *See, Rocks v. City of Philadelphia*, 868 F. 2d. 644, 645 (3d. Cir.1989). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

B. Discussion.

1. FTCA.

To the extent that Plaintiff seeks to pursue denial of medical treatment under the FTCA Defendants seek to dismiss the complaint for failure to file the complaint within the applicable statute of limitations. An action under the FTCA must be brought within six months of the final denial of the claim. *See* 28 U.S.C. §2401(b). Boyd filed an administrative tort claim which was received by the BOP Regional Office on June 2, 2003. (Doc. 20-1, p. 19). Boyd amended the claim on June 20, 2003. The claim was denied on November 26, 2003. (*Id.*). The pertinent portion of the denial of the claim is as follows:

> After careful review of this claim, I have decided not to offer a settlement. Investigation reveals you have a history of several medical conditions, including right leg trauma and reconstruction. On February 25, 2003, you reported to medical staff you injured your right leg when you slipped and fell on the ice on February 17, 2003. The medication you requested is not authorized by the national formulary. You were,

2

however, provided with adequate medication to provide you pain relief. A review of the medical record indicates you received appropriate treatment for the symptoms you presented. The record does not reflect you reported icy conditions or a slip and fall to any staff member on February 17, 2003. You fail to show you have experienced an injury as the result of the negligence on the part of any Bureau of Prisons' employee.

Accordingly, your claim is denied. If you are dissatisfied with this decision, you may seek reconsideration from this office or bring an action against the United States in an appropriate District Court within six (6) months of the date of this memorandum.

(Doc. 20-1, p. 20). It was therefore necessary for Boyd to file this action on or before May 26, 2004. Boyd did not file this action until August 9, 2004. The Court is unconvinced by Boyd's argument that his delay in filing was due to the fact that he did not receive the denial letter until February 2004. As is clear from the record, the memorandum denying the claim was marked as received on December 1, 2003 at Allenwood. (Doc. 26, p. 2; *see also, id.*). Also, as Defendants point out, even if Boyd did not receive the notice until February 2004, that still afforded him more than three months to file the action. Lastly, the language contained in the memorandum denying the claim clearly states that an action against the United States must be filed within six months of the date of the memorandum, not within six months of receipt of the memorandum. It is clear that this claim was brought after the six-month limitations period expired. The FTCA claim is therefore subject to dismissal.

2. *Bivens* claim.

The Defendants seek to dismiss Boyd's *Bivens* claims regarding erroneous information noted in his medical records and erroneous responses to his administrative remedy based upon

his failure to exhaust available administrative remedies.  The Prison Litigation Reform Act

(PLRA) requires prisoners to present their claims through an administrative grievance process

before seeking redress in federal court.  The act specifically provides the following:

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).  Prisoners must exhaust administrative remedies as to any claim that arises

in the prison setting, regardless of any limitations on the kind of relief that may be gained

through the grievance process.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002): *Booth v.

Churner*, 532 U.S. 731, 741 n. 6 (2001).  "[I]t is beyond the power of [any] court . . . to excuse

compliance with the exhaustion requirement."  *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.

2000)(*quoting Beeson v. Fishkill Corr. Facility*, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998).

The PLRA requires not only technical exhaustion of the administrative remedies, but also

substantial compliance with procedural requirements. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d

Cir. 2004); *see also Nyhuis*, 204 F.3d at 77-78.  A procedural default by the prisoner, either

through late or improper filings, bars the prisoner from bringing a claim in federal court unless

equitable considerations warrant review of the claim. *Spruill*, 372 F.3d at 227-32; *see also Camp

v. Brennan*, 219 F.3d 279 (3d Cir. 2000).

The BOP has established an administrative remedy procedure, which is set forth at 28

C.F.R. §§ 542 *et seq*., whereby a federal prisoner may seek formal review of any aspect of his

imprisonment.  Inmates must first informally present their complaints to staff, and staff shall

attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. *Id.* at §542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. *Id.* at §§542.15(a) and 542.18. "If the appeal is denied by the Bureau of Prisons's Central Office, the inmate may then file a civil action." (Doc. 20-1, p. 4).

On March 18, 2003, Boyd filed an administrative remedy request concerning the medical care that he was receiving for his legs, which was assigned number 293764-FI. The Defendants concede that through this request, Boyd successfully administratively exhausted the issue of improper medical care in violation of the Eighth Amendment. (Doc. 20-1, p. 4). However, there is no indication in the record that Boyd has exhausted his administrative remedies concerning any of the other claims he raises in his complaint. (*Id.* at p. 6). Boyd does not dispute this. Therefore, all claims with the exception of the claim alleging denial of adequate medical care will be dismissed. The adequate medical care claim will be considered on the merits.[1]

Defendants also seek to dismiss the Eighth Amendment claim against Defendants Pugh

---

[1]In allowing the claim concerning the denial of adequate medical care to proceed, the Court declines to adopt the "total exhaustion" rule argued by Defendants in light of the disagreement among the Circuits concerning the issue. "[A] split exists among the [] circuits that have addressed this issue. *Compare Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir.2004) (applying total exhaustion); *Kozohorsky v. Harmon*, 332 F.3d 1141 (8th Cir.2003) (same); and *Graves v. Norris*, 218 F.3d 884 (8th Cir.2000) (same); with *Ortiz v. McBride*, 380 F.3d 649 (2d Cir.2004) (rejecting total exhaustion)." *Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005).

and Laino based upon lack of personal involvement. "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir.1988). Also, it is well established that claims brought under § 1983 cannot be premised on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, *via* the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207. A review of the allegations contained in the complaint lead the Court to conclude that Boyd has set forth sufficient facts to state such an Eighth Amendment claim against these Defendants. The motion to dismiss will therefore be denied and the issue will be revisited *infra* in the context of summary judgment.

II. Motion for Summary Judgment.

A. Standard of Review.

"Summary judgment serves as a minimal but important hurdle for litigants to overcome before presenting a claim to a jury." *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 314 (M.D.

Pa. 2004).  Faced with such a motion, the adverse party must produce affirmative evidence, beyond the disputed allegations of the pleadings, in support of the claim.  FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Corneal v. Jackson Township*, 313 F. Supp. 2d 457, 464 (M.D. Pa. 2003), *aff'd*, 94 Fed. Appx. 76 (3d Cir. 2004).  "Such affirmative evidence--regardless of whether it is direct or circumstantial--must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001)(*quoting Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989).  Only if this burden is met can the cause of action proceed. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986); *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986); *see* FED. R. Civ. P.  56(c), (e).

B.  Statement of Facts.

Boyd arrived at the USP Allenwood on August 21, 2002.  Based upon his medical history, which included a diagnosis of diabetes, hypertension, depression, hiatal hernia, gastric reflux and trauma to his right leg, sustained while in Viet Nam, with reconstruction, he was designated as a candidate for the chronic care clinic. (Doc. 20-4, p. 17).  It was noted that he was in need of ambulatory assistance and that he utilized a wheelchair. (Doc. 20-4, p. 21).

He reported to the health services department on February 25, 2003, stating that he sustained further injury to his right leg resulting a February 17, 2003 slip on the ice. (Doc. 20-4, p. 7).  A physical examination of Boyd revealed no bruising, swelling or deformity.  He requested a muscle relaxer, but was informed that it was not an option because USP Allenwood

does not have them.  He was given aspirin for pain. (*Id.*)

He next reported to the clinic on March 18, 2003, with complaints that he was having difficulty walking and holding his institution job. (Doc. 20-4, p. 7).  He was also experiencing decreased sensation and weakness in his right leg as a result of the trauma to his right leg suffered while in Viet Nam.  Boyd was given medically unassigned status and encouraged to monitor his blood pressure.

On May 10, 2003, he was evaluated for complaints of swelling and pain in his left leg. (Doc. 20-4, p. 5).  An ultrasound was ordered.  Although he was provided with a wheelchair pass, there were no wheelchairs available.  He was informed that he should return to the clinic immediately if the pain in his calf increased, if the calf became warm to the touch or if he experienced any numbness or tingling.  He was also "strongly advised" to return to sick call on Monday for a full examination of his leg.

On May 12, 2003, he reported complaints of pain in his left leg.  The physical examination revealed swelling and tenderness in the left calf for which he was prescribed a compression stocking. (Doc. 20-4, p. 1).

The ultrasound results dated May 16, 2003, found "[n]o evidence of deep venous thrombosis of the left leg by ultrasound." (Doc. 20-4, p. 31).  A follow-up examination was performed on that date, and although the swelling had decreased in his left leg, there was concern, based upon his difficulty in ambulating, that he may have a muscle tear of the upper right leg.  An MRI for the upper right leg was to be considered. (Doc. 20-2, p. 100).  He was

given a wheelchair for a two week period and encouraged to elevate his left leg to decrease the swelling. During a sick call visit on May 23, 2003, the MRI was ordered.

On June 9, 2003, Boyd was examined for complaints of swelling to his right ankle and numbness to both legs. Lab tests were ordered and he was prescribed medication. He was advised to continue to wear the compression stocking, and also, to continue elevating his legs. The MRI results were normal.

On June 16, 2003, Boyd was evaluated for his chronic medical needs. At that time, his medical condition had not improved. He was advised that a request for a medical transfer was submitted to further evaluate and treat his chronic medical needs. The transfer was approved on July 7, 2003, and on July 30, 2003, Boyd was transferred to the Federal Medical Center in Devens, Massachusetts (FMC Devens). (Doc. 20-4, p. 23, and Doc. 20-2, pp.169-71).

On September 4, 2003, while at FMC Devens, Boyd had a pacemaker implanted due to an irregular heartbeat. (Doc. 20-2, pp. 67-70). With respect to the issues surrounding the complications with his legs, "[m]edical evidence shows that the inability to activate most muscles of the bilateral lower extremities was of unclear etiology and was considered to be possibly due to the poor effort on Boyd's part. From September through October 2003, while at FMC Devens, Boyd was evaluated in physical therapy on five separate occasions. During these visits, it was noted that he was uncooperative and combative. It is the belief of the staff of the Physical Therapy Department that Boyd can walk, but chooses not to." (Doc. 20-1, p. 25).

Boyd was returned to USP Allenwood on September 23, 2004. He was assessed by the

doctor upon his return. It was noted that Boyd was in a wheelchair but that he was comfortable, alert, oriented and he had normal speech.

C. Discussion.

The only issue remaining before the Court is Boyd's contention that the Defendants violated his Eighth Amendment rights in failing to provide him with adequate medical care. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 827 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle*, 429 U.S. 97. An inadequate medical care claim, as is presented here, requires allegations that the prison official acted with "deliberate indifference to serious medical needs" of the plaintiff, while a prisoner. *Estelle*, 429 U.S. at 104; *Unterberg v. Correctional Medical Systems, Inc.*, 799 F. Supp. 490, 494-95 (E.D. Pa. 1992). The official must know of and disregard an excessive risk to inmate health or safety. *Farmer,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "The question . . . is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer*, 511 U.S. at 843. This test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" *Little v.*

*Lycoming County*, 912 F.Supp. 809, 815 (M.D. Pa) *aff'd*, 103 F.3d 691 (1996) *citing Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754,762 (3d Cir. 1979), *quoting Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

Furthermore, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . " *Estelle*, 429 U.S. at 106. More than a decade ago, the Third Circuit ruled that "while the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Estelle*, 429 U.S. at 107.

Where an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. *Nottingham v. Peoria*, 709 F.Supp. 542, 547 (M.D.Pa. 1988). Disagreement among individuals as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Inst. Inmates v. Lensario,* 834 F.2d 326, 346 (3d Cir. 1987). Only flagrantly egregious acts or omissions can violate the standard. Mere medical malpractice cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. *White v. Napoleon*, 897 F.2d 103, 108- 10.

Throughout the time period in question, it is clear from the record that Boyd was seen on numerous occasions in the health services department. He was prescribed pain medication when he complained of pain. He was excused from his assigned work detail when he expressed difficulty in performing his institution job. He was provided a wheelchair to assist him with ambulation. Diagnostic tests were ordered, and performed, to facilitate treatment. When it was realized that Boyd was in need of more chronic care, he was transferred to an adequate medical facility. Despite all this medical intervention, Defendants have not been able to conclusively diagnose Boyd's condition. Nevertheless, this is clearly a case where Boyd has been given medical attention and is simply dissatisfied with the results. An inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *Spruill*, 372 F.3d at 235. Additionally, courts will not second guess whether a particular course of treatment is adequate or proper. *Parham v. Johnson*, 126 F.3d 454, 458 n. 7 (3d Cir. 1997). Summary Judgment will therefore be granted in favor of the medical defendants, Laino, Holzapple and Bennett.

Further, as concerns the non-medical defendant, Warden Pugh, if a prisoner is under the care of medical experts, as is the case here, a non-medical prison official cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints, "absent a reason to belief (or actual knowledge) that prison doctors or their assistants are misleading (or not treating) a prisoner. . . ." *Spruill*, 372 F.3d at 236; *Durmer*, 991 F.2d at 67. Summary judgment will also be granted in favor of this defendant.

An appropriate order will issue.


Dated: June __, 2005                           BY THE COURT:


                                               _____
                                               JUDGE JAMES M. MUNLEY
                                               United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRY A. BOYD,                         :        CIVIL NO. 3:CV-04-1761
        Plaintiff         :
    v.                             :        (Judge Munley)
                         :

M.V. PUGH, ET AL.,                     :
        Defendants        :

## ORDER

AND NOW, to wit, this 17th day of June 2005, upon consideration of the Defendants' motion to dismiss and for summary judgment (Doc. 17), and in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss (Doc. 17) is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED with respect to the FTCA claim and the *Bivens* claim concerning erroneous information noted in his medical records and erroneous responses to his administrative remedy based upon his failure to exhaust his available administrative remedies;

2. The motion is DENIED with respect to the *Bivens* claim concerning inadequate medical care;

3. The motion for summary judgment (Doc. 17) on the remaining issue of denial of adequate medical treatment in violation of the Eighth Amendment is GRANTED.

4. The Clerk of Court is directed to ENTER JUDGMENT in favor of the Defendants and against Plaintiff;

5. The Clerk of Court is further directed to CLOSE this case;

6. Any appeal from this order is DEEMED frivolous and not taken in good faith. See 28 U.S.C. §1915(a)(3).

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court